UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>D. DAVEY, et al.,<br><br>          Defendants. | Case No.: 1:16-cv-00084-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION TO COMPEL OFFICIALS TO PROCESS APPEALS PROPERLY AND 602 APPEAL TIMELINES<br><br>(ECF No. 22) |

**FINDINGS AND RECOMMENDATION**

**I.  Background**

Plaintiff Ricardo Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 23, 2015 in the United States District Court for the Northern District of California. (ECF No. 1.) The matter was transferred to this Court on January 15, 2016, and received on January 20, 2016. (ECF No. 10.)

**II.     Motion to Compel Prison Officials**

On August 4, 2016, Plaintiff filed a motion requesting the Court to permit to "force officials to comply with 602 appeals timelines and to process appeals properly." (ECF No. 22.) Plaintiff explained that he is currently incarcerated at Corcoran State Prison and argued that the authorities there have a

1

pattern of failing to process appeals properly. Plaintiff attached over a hundred pages of appeals-related documents to his motion, including copies of appeals, response to appeals, and correspondence with prison officials regarding appeals. The date ranges span from mid-2015 to more recent dates in 2016. The Court construes Plaintiff's motion as a request for a temporary restraining order and preliminary injunction against the prison officials at Corcoran State Prison.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis in original).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir.2010). The Court's jurisdiction is

limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

Plaintiff seeks a temporary restraining order and preliminary injunction ordering prison officials to process appeals in a certain manner. However, Plaintiff has not met the requirements for this relief. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). In this matter, Plaintiff's complaint has not yet been screened to determine whether it states a cognizable claim. No defendant has been ordered served and no defendant has yet made an appearance. Thus, the Court lacks personal jurisdiction over the prison officials, and it cannot issue an order requiring them to take any action. Nor has there been a showing that the relief requested relates to the prison officials named in this complaint, or to the matters at issue in this action.

**III.  Conclusion and Recommendation**

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion to compel officials to process appeals, construed as a motion a motion for temporary restraining order and preliminary injunction, be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

///

///

///

///

3

1  Plaintiff is advised that failure to file objections within the specified time may result in the
2  waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>,
3  772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

5  IT IS SO ORDERED.

6  Dated:   **August 8, 2016**                    /s/ *Barbara A. McAuliffe*
7                                                  UNITED STATES MAGISTRATE JUDGE