UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. DAVEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00084-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

**1.　Screening Requirement and Standard**

　　Plaintiff Ricardo Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 23, 2015 in the United States District Court for the Northern District of California. (ECF No. 1.) The matter was transferred to this Court on January 15, 2016, and received on January 20, 2016. (ECF No. 10.) Plaintiff's complaint, filed on October 23, 2015, is currently before the court for screening. (ECF No. 1.)

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1  from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2); 28 U.S.C. §
2  1915(e)(2)(B)(ii).
3       A complaint must contain "a short and plain statement of the claim showing that the pleader is
4  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
5  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
6  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell
7  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's
8  allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.
9  Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
10 omitted).
11      To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient
12 factual detail to allow the Court to reasonably infer that each named defendant is liable for the
13 misconduct alleged. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v.
14 United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant
15 acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the
16 plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572
17 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. Estelle v. Gamble,
18 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

19 **2.    Plaintiff's Allegations**

20      Plaintiff is a state prisoner currently housed at Corcoran State Prison in Corcoran, California,
21 where the events at issue are alleged to have occurred. Plaintiff names as defendants: (1) D. Davey,
22 Warden; (2) an unnamed Chief Medical Officer; (3) an unnamed Medical Executive; and (4) unnamed
23 John Doe and Jane Doe staff and sworn officials. Plaintiff alleges as follows:

24 > I'm under multiple violations of my right 1st 5th 6th 14th amendment
25 > hindering outgoing mail, denied adequate medical care, 8th amendment
> violation victim of assault and battery. Having problem with my back,
26 > need a cane to walk. I receive injury, breach of contract. I completed
> int[e]rnal administrative process. Is medical malpractice. See attach
27 > declaration and/or summary judgment is required."

28 (ECF No. 1, p. 3.)

Although Plaintiff references a declaration in his statement of his claim, the Court was unable to locate any declaration in his attachments to the complaint, which totaled approximately 130 pages.

Plaintiff seeks monetary damages, and sues the defendants in their official and individual capacities.

### III. Deficiencies of Complaint

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is sparse and relies primarily on attached exhibits, with no factual allegations underlying his claims. Although he claims several different violations of his rights, his allegations are conclusory and fail to describe any specific actions or inactions by the defendants.

If Plaintiff elects to amend his complaint, he must set forth factual allegations against each named defendant sufficient to state a claim, including what each person did or did not do that resulted in a violation of his rights. Further, the court is not required to sift through Plaintiff's exhibits and attachments in an effort to determine what plaintiff's claim(s) are. If he chooses to add attachments or exhibits to any amended complaint (which he is not required to do), Plaintiff must identify them for the Court and explain their significance.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v.

3

Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to link Defendant Davey or any of the other unnamed defendants to any constitutional violation. Plaintiff may also not name "officials" or "staff" generally as defendants, as §1983 liability is premised upon individual conduct. Plaintiff must state, by name, what each person did or did not do which caused the alleged violation. If Plaintiff elects to amend his complaint, Plaintiff must link the actions of the defendants to an alleged deprivation.

### C. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Although not entirely clear, it appears Plaintiff is raising different claims against different defendants which are unrelated, which he may not do in this action. For example, Plaintiff may not pursue a claim against certain defendant(s) for issues related to his mail, while simultaneously pursuing a claim against other defendant(s) for the denial of adequate medical care.

If Plaintiff elects to amend his complaint, Plaintiff must choose which claims he wishes to pursue in this action. If Plaintiff's amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### D. Doe Defendants

Plaintiff has named unidentified officers/executives, or "Doe Defendants." "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is warned that although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the screening stage, those person or persons cannot be served with process in this action by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. The burden is on Plaintiff to discover the identity of these defendants, and amended his complaint to substitute a name for each unnamed defendant.

### E. Supervisory Liability

To the extent Plaintiff seeks to hold Defendant D. Davey, the unnamed Chief Medical Officer, or the unnamed Medical Executive (or any other defendant) liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has not alleged that Defendant Davey, the unnamed Chief Medical Officer, or the unnamed Medical Executive were personally involved in an alleged Constitutional deprivation, or that any of them instituted a deficient policy. Plaintiff will be granted leave to amend, to the extent he can do so in good faith.

### F. Eleventh Amendment – Official Capacity

To the extend Plaintiff seeks to bring claims for damages against defendants in their official capacities, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). As such, the Eleventh Amendment bars any claim for monetary damages against defendants acting in their official capacities.

### G. Specific Causes Of Action

As noted above, Plaintiff has not alleged a short and plain statement of his case sufficient to state a cognizable claim against any defendant. In general, it is not clear exactly what claims Plaintiff seeks to bring against which defendants, based upon what actions or inactions. The Court offers the following guidance based on what it appears Plaintiff seeks to allege, should he choose to amend his complaint:

#### 1. Sixth Amendment

Plaintiff states that his sixth amendment rights were violated, and has attached to his complaint documents which relate to a criminal matter against him by the State of California. Several of these documents relate to issues involving his sentence for restitution and restitution fines. The precise basis for his claim is unclear.

The Sixth Amendment is meant to assure fairness in the adversary criminal process, and the Sixth Amendment right to counsel, which includes the right to self-representation, attaches when the government initiates adversarial proceedings. United States v. Danielson, 325 F.3d 1054, 1066 (9th Cir. 2003) (quotation marks omitted). However, it has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242 (2005).

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383(1994), the United States Supreme Court held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. See Muhammad v. Close, 540 U.S. at 751. Accordingly, in Edwards v.

Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), the Supreme Court applied Heck in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served. See Muhammad v. Close, 540 U.S. at 751. In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies. Id. Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81–2.

Consequently, to the extent Plaintiff seeks to challenge some aspect of his criminal conviction, including matters related to restitution or fines, by alleging that his Sixth Amendment right to counsel was violated, he may not bring that claim in this action. This challenge is barred by Heck, since any challenge by Plaintiff that the restitution and restitution fine here is unlawful necessarily contests that portion of his sentence. See Abney v. Alameida, 334 F.Supp.2d 1221, 1233 (S.D. Cal. 2004) (plaintiff's challenge to "manner in which Defendant is satisfying the restitution order imposed as a result of criminal conviction" would not necessarily invalidate any portion of conviction or sentence).

Further, although Plaintiff may seek to challenge his custody in a habeas corpus petition, the Ninth Circuit has held that courts do not have jurisdiction over a habeas corpus petition brought pursuant to § 2254 challenging only a restitution order. Bailey v. Hill, 599 F.3d 976, 984 (9th Cir. 2010).

**2.  Interference with Mail**

Plaintiff states that someone is hindering his outgoing mail, although he is not clear regarding who is doing this, what type of mail is being hindered, how it is being hindered, and when. Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). To the extent that Plaintiff is alleging that his mail is opened and inspected, he is advised that prison regulations relating to the regulation of incoming and outgoing mail are analyzed under the reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Thornburgh v.

Abbott, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. In determining the reasonableness of the regulation, a court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right, (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." Id. at 89-90.

Further, generally isolated incidents of mail interference or tampering will not support a claim under section 1983 for a violation of Plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

### 3. Deliberate Indifference to Serious Medical Needs and Safety

Plaintiff makes allegations of being denied adequate medical care, problems with his back, a need for a cane, and medical malpractice. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2005). Prison officials must provide prisoners with medical care and personal safety and must take reasonable measures to guarantee the safety of the inmates. Farmer, 511 U.S. at 832-33, 114 S. Ct. at 1976 (internal citations and quotations omitted).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle, 429 U.S. at 104, 97 S. Ct. at 291). Plaintiff must show (1) a serious medical need and (2) defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th. Cir 1992).

"Deliberate indifference is a high legal standard. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the context of claims against medical providers, a prisoner's claim of inadequate medical attention must rise beyond negligence or misdiagnosis, to a level of "deliberate indifference to

serious medical needs." Id. (quoting Estelle, 429 U.S. at 104, 97 S. Ct. at 291). A complaint of medical malpractice or that a physician has negligently diagnosed or treated a medical condition does not state a valid claim under the Eighth Amendment. Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012.)

### 4. Eighth Amendment Excessive Force

Plaintiff asserts an Eighth Amendment violation and that he was a victim of an assault and battery. It is not clear whether he means that he was assaulted by another inmate, or by some correctional or medical staff.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992)(citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

In a "failure-to-protect" Eighth Amendment violation claim, an inmate must show that a prison official's act or omission (1) is objectively, sufficiently serious, and (2) the official is deliberately indifferent to inmate's health or safety. Farmer, 511 U.S. at 834, 1977; Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847, 1984; Hearns, 413 F.3d at 1040.

///

### 5. Fifth Amendment Due Process

Plaintiff states that his Fifth and Fourteenth Amendment rights were violated, and makes allegations about completing the internal administrative process.

To the extent Plaintiff attempts to raise substantive due process claim under the Fifth Amendment, he cannot do so. The Fifth Amendment's due process clause only applies to the federal government. Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) (quoting Betts v. Brady, 316 U.S. 455, 462, 62 S. Ct. 1252, 86 L. Ed. 1595 (1942)) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safe-guarded against state action in identical words by the Fourteenth."); see also Castillo v. McFadden, 399 F.3d 993, 1002 n. 5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process . . . ."). Since Plaintiff is not proceeding against any federal actors, he is unable to state a cognizable claim for violation of his rights under the Fifth Amendment.

The Due Process Clause of the Fourteenth Amendment protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393, 162 L.Ed.2d 174 (2005). To state a claim for the deprivation of procedural due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. at 221, 2393. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221–22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at 222–23 (citing Sandin v. Conner, 515 U.S. 472, 481–84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. at 221 (quoting Sandin, 515 U.S. at 484); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Also, to the extent Plaintiff seeks to allege a claim for any denial of his grievances or appeals in the internal administrative process, he may not do so. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure."

Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann, 855 F.2d at 640; see also Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). At all times plaintiff retained the option of commencing a civil action on a specific substantive claim that he had attempted to exhaust through the prison's grievance system but for which he contends administrative remedies were effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)) (administrative remedies plainly unavailable if grievance was screened out for improper reasons).

### H. State Law Claims

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Here, Plaintiff attempts to state some state law claims, but has not alleged any cognizable federal claims. Accordingly, the Court finds no need to analyze any of Plaintiff's state law claims at this time. Plaintiff is reminded that any state law claims which he seeks to have the Court exercise supplemental jurisdiction over must arising out of the same case or controversy as the federal claims for which it has original jurisdiction.

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within **thirty (30) days**. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed October 23, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and
4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:   **August 9, 2016**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE