# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. DAVEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00084-LJO-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, (ECF No. 24), AND DENYING PLAINTIFF'S MOTION TO COMPEL OFFICIALS TO PROCESS APPEALS PROPERLY AND 602 APPEAL TIMELINES (ECF No. 22) |

Plaintiff Ricardo Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 23, 2015, in the United States District Court for the Northern District of California. (ECF No. 1.) The matter was transferred to this Court on January 20, 2016. (ECF No. 10.)

## I.　Introduction

On August 9, 2016, the Magistrate Judge issued Findings and Recommendations regarding Plaintiff's motion to force prison officials to comply with 602 appeals timelines and to process appeals properly. The Magistrate Judge construed this motion as a request for a temporary restraining order and preliminary injunction against the prison officials at Corcoran State Prison, and recommended denying it. (ECF No. 24.) The Findings and Recommendations were served on Plaintiff, and contained

1 | notice that any objections must be filed within fourteen days after service of the order. (*Id*. at 3-4.)
2 | Plaintiff timely filed objections, dated August 22, 2016. (ECF No. 26.)
3 |      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de*
4 | *novo* review of this case and carefully reviewed the entire file, including Plaintiff's objections. The
5 | Court finds that the Findings and Recommendations are supported by the record and by proper
6 | analysis. Plaintiff's objections do not provide a basis to not adopt the Findings and Recommendations.

**II.   Plaintiff's Objections**

Plaintiff states in his objections that his inmate appeals are not being appropriately processed. He attaches a sample of an inmate appeal response that he contends was untimely. (ECF No. 26, pp. 4-5.) He requests for the issues he has raised with his inmate appeals to be addressed.

First, Plaintiff's complaint states that the inmate appeals underlying this action have been completed at all levels. (ECF No. 1, p. 2.) Thus, as the Magistrate Judge found, the issues Plaintiff is raising with inmate appeals do not appear to relate to this action, including the inmate appeal he discusses in his objections.

Secondly, directing the manner in which prison officials handle inmate grievances does not lie within the scope of preliminary injunctive relief that the court may order in this case. Nor is any temporary restraining order appropriate or necessary here. The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies before filing civil actions in federal court. 42 U.S.C. § 1997e(a). In other words, exhaustion of administrative remedies is a prerequisite to prisoner suits. Under Ninth Circuit precedent, "the PLRA requires only that a prisoner exhaust available remedies, and . . . a failure to exhaust a remedy that is effectively unavailable does not bar a claim from being heard in federal court." *McBride v. Lopez*, 807 F.3d 982, 986 (9th Cir. 2015) (citing *Nunez v. Duncan*, 591 F.3d 1217, 1225-26 (9th Cir. 2010)). If Plaintiff faces any motion to terminate this action on the grounds that he failed to exhaust his administrative remedies prior to filing suit, he may argue that prison officials, through their failure to respond to or properly process his inmate appeals, rendered administrative remedies effectively unavailable to him. Therefore, an order from this court requiring prison officials to respond or process Plaintiff's inmate appeals in any particular manner is not necessary in order to "preserv[e] the status quote [or to] prevent[ ] the irreparable loss of

2

rights before judgment." *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Plaintiff also discusses in his objections that he put himself in protective custody due to threats, requires protection from harm, and also that he was assaulted by "27 officers" and hospitalized. It is not clear if Plaintiff is seeking any temporary restraining order or preliminary injunctive relief related to this issue, nor is it clear whom Plaintiff contends have threatened to harm him or has already harmed him. The Court does not have personal jurisdiction over the prison officials at Plaintiff's institution in general simply because this action was filed, and therefore it cannot issue an order requiring them to take any action to place him in protective custody or otherwise.

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, which may include a petition for writ of habeas corpus in state court. *E.g.*, *In re Davis*, 25 Cal.3d 384, 387 (Cal. 1979) (writ of habeas corpus may be sought to obtain declaration and enforcement of a prisoner's rights in confinement). The issue is not that Plaintiff's allegations lack seriousness or that Plaintiff cannot obtain relief if sought in the proper forum. Rather, the issue is that this particular action cannot be used by Plaintiff to obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning potential harm cannot and do not overcome the jurisdictional bar. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04, 118 S. Ct. 1003 (1998). ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

### III. Screening Order Dismissing Complaint with Leave to Amend

Finally, Plaintiff is reminded that the Magistrate Judge issued a screening order dismissing his complaint with leave to amend within thirty (30) days, on August 9, 2016. (ECF No. 25.) Plaintiff's amended complaint or notice of voluntary dismissal is due on or before September 12, 2016 pursuant to that order. (*Id.* at 12.)

### IV. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations dated August 9, 2016 (ECF No. 24) are ADOPTED IN FULL;

2. Plaintiff's motion to compel officials to process appeals properly and 602 appeal timelines (ECF No. 22) is DENIED.

IT IS SO ORDERED.

Dated: __August 26, 2016__     _____/s/ Lawrence J. O'Neill_____
                                UNITED STATES CHIEF DISTRICT JUDGE

4