1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   RICARDO MARTINEZ, | ) Case No.: 1:16-cv-00084-LJO-BAM (PC) |
| 12                Plaintiff, | ) ORDER DISCHARGING ORDER TO SHOW |
| 13        v. | ) CAUSE <br> ) (ECF No. 28) |
| 14   D. DAVEY, et al., | ) ORDER STRIKING UNSIGNED FIRST |
| 15                Defendants. | ) AMENDED COMPLAINT, (ECF No. 30), <br> ) AND REQUIRING PLAINTIFF TO FILE SIGNED |
| 16   | ) FIRST AMENDED COMPLAINT WITHIN <br> ) THIRTY DAYS |
| 17   | ) |
| 18   | ) **THIRTY (30) DAY DEADLINE** |
| 19   | ) |

20

21        Plaintiff Ricardo Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma

22   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

23        On August 9, 2016, the Court dismissed Plaintiff's complaint with leave to amend within thirty

24   (30) days. (ECF No. 25.)  Having not received any amended complaint within that time, on September

25   20, 2016, an order to show cause was entered, directing Plaintiff to show cause why this action should

26   not be dismissed for failure to state a claim, failure to prosecute, and failure to obey a court order.

27   (ECF No. 28.)  After that order was issued, the Court received a first amended complaint, (ECF No.

28   30), with a proof of service that indicates it was delivered to prison officials for mailing on September

1

5, 2016, (Id. at 110). Because Plaintiff provided his first amended complaint to the prison officials for mailing within the thirty (30) days granted for leave to do so, the Court finds it appropriate to discharge the order to show cause.

However, Plaintiff's first amended complaint lacks any signature. Both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions and papers be signed by at least one attorney of record or by the party personally if the party is unrepresented. Fed. R. Civ. P. 11(a); Local Rule 131(b). Since Plaintiff's complaint is unsigned, the Court must strike it from the record. Plaintiff will be permitted thirty (30) days to file a signed complaint that complies with Federal Rules of Civil Procedure and the Local Rules.

Finally, there were approximately 100 pages of exhibits attached to Plaintiff's unsigned first amended complaint. The Court reminds Plaintiff that Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Thus, in amending his complaint, Plaintiff must state sufficient facts showing what each defendant did or did not do that resulted in a violation of his rights. The Court is not required to sift through Plaintiff's exhibits and attachments in an effort to determine what Plaintiff's claim(s) are. If Plaintiff chooses to add attachments, he must identify them for the Court with specificity, and explain their significance.

Based on the foregoing, it is HEREBY ORDERED that:

1.       The Order to Show Cause issued on September 20, 2016 (ECF No. 28), is DISCHARGED;

2.       Plaintiff's first amended complaint, filed September 23, 2016 (ECF No. 30), is STRICKEN from the record for lack of signature;

3.       The Clerk's Office SHALL send to Plaintiff a civil rights complaint form;

4.       Within **thirty (30) days** from the date of service of this order, Plaintiff SHALL file a first amended complaint or a notice of voluntary dismissal; and

///

///

///

2

5.      **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to prosecute, and failure to obey a court order**.


IT IS SO ORDERED.

Dated:   **September 27, 2016**          _____/s/ *Barbara A. McAuliffe*_____
                                        UNITED STATES MAGISTRATE JUDGE

3