UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. DAVEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00084-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 29) |

　　　Plaintiff Ricardo Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for the appointment of counsel, filed September 23, 2016. (ECF No. 29.) Plaintiff states that he cannot read or write English very well, but is learning, that he cannot afford counsel, and that that the legal issues in this case are particularly complex. He further states that there have been several violations of his rights, and he has other civil actions pending.

　　　Plaintiff does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section

1

1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases with similar allegations as Plaintiff has presented made by other inmates almost daily. Further, at this early stage in the proceedings, the Court cannot find any likelihood of success on the merits. Also, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id. Although he has not yet stated any cognizable claims, the Court has been able to comprehend his pleadings, filings, and motions, which are written in English. Thus, the Court does not find this to be a serious and exceptional case necessitating the appointment of counsel at this time.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 29) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 27, 2016**              /s/ *Barbara A. McAuliffe*              
                                                                UNITED STATES MAGISTRATE JUDGE