# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>D. DAVEY, et al.,<br><br>        Defendants. | 1:16-cv-00084-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 36) |

Plaintiff Ricardo Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On December 1, 2016, Plaintiff filed the instant motion for the appointment of counsel.

As Plaintiff was previously advised, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff under 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel under section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

1

on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff states that he is unable to afford counsel, and that he has requested leave to proceed in forma pauperis. Plaintiff further states that cannot read or write English very well, but is learning on his own, and that the legal issues in this case are particularly complex. (ECF No. 36, p. 1.) Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court sees prisoner cases similar to Plaintiff's on a regular basis. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Rand*, 113 F.3d at 1525. The Court thus far has been able to comprehend Plaintiff's pleadings, filings, and motions, which are written in English. As such, the Court does not find this to be an exceptional case necessitating the appointment of counsel at this time.  If Plaintiff finds that he requires additional time to address Court deadlines, he may file the appropriate request.

For the foregoing reasons, the Court HEREBY DENIES Plaintiff's motion for the appointment of counsel, without prejudice.

IT IS SO ORDERED.

   Dated:   **December 5, 2016**               /s/ *Barbara A. McAuliffe*          _
                                             UNITED STATES MAGISTRATE JUDGE