UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. DAVEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00084-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 37)<br><br>**THIRTY (30) DAY DEADLINE** |

**1.　Screening Requirement and Standard**

Plaintiff Ricardo Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 23, 2015 in the United States District Court for the Northern District of California. (ECF No. 1.) The matter was transferred to this Court on January 15, 2016, and received on January 20, 2016. (ECF No. 10.) Plaintiff's first amended complaint ("FAC"), filed on December 1, 2016, is currently before the court for screening. (ECF No. 37.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

## 2. Plaintiff's Allegations

Plaintiff is a state prisoner currently housed at Salinas Valley State Prison in Soledad, California. The events at issue are alleged to have occurred Corcoran State Prison. Plaintiff names as defendants: (1) D. Davey, Warden; (2) A. Enenmoh, M.D., Chief Medical Officer; (3) J. Lewis,[1] M.D., Deputy Director, (4) J. Furtune, M.D., primary care provider, (5) J. Kim, M.D., primary care provider, (6) E. Clark, M.D., primary care provider.

Plaintiff alleges as follows. He was denied care for his serious medical need in violation of the Eighth Amendment. On May 27, 2014, Defendant Furtune denied Plaintiff's request for chest pain

---

[1] In the caption, Plaintiff refers to the defendant at "J. Levis." Upon amendment, Plaintiff will be required to correctly name the defendant.

2

medication. On May 25, 2014, Dr. Tao prescribed Motrin and tramadol for severe chest pain. Then Plaintiff was transferred on May 29, 2014 to Corcoran State Prison. Plaintiff alleges that from August 29, 2014 to September 8, 2014, morphine medication was stopped. Dr. Clark denied severe chest pain medication and treatment for chronic lung disease that required nebulizer therapy. On October 14, 2014, a radiologist recommended a CT scan of his lungs but it was denied until 5/9/16. On January 7, 2015, Dr. Kim denied health care services of an operation for an epididymis and excision of tumor.[2] Plaintiff was also denied multiple recommendations for a CT scan of the abdomen pelvis.

On December 4, 2015, Dr. Scharffenberg denied a neurosurgeon's recommendation of higher level of care at Stanford Medical Center and for an MRI of the low back for severe pain medication. Plaintiff filed suit for this denial which is pending at Case No. 1:16-1655 BAM. Plaintiff then lists times that he has been denied medical records from third parties and that such denial is pending in Case. No. 1:16-cv- 1658 MJS. On January 20, 2016, Plaintiff was denied health records.

Plaintiff then recites a list of denials of medical services. Plaintiff was denied a MRI of the cervical spine, physical therapy or tens unit for pain. He was denied follow up appointments with Dr. Ramberg, neurosurgeon, from November 2014 – October 2015. He was denied imaging of the lungs and was denied removal of cataracts. Plaintiff then details each of his appeals regarding his attempts to exhaust his administrative remedies.[3] (Doc. 37, p. 9-11.)

Plaintiff does not state the relief he seeks.

///

///

---

[2] The health care reports attached as exhibits to the complaint not that Plaintiff was seen for an evaluation by general surgery on February 23, 2015 (Doc. 37, ECF p. 42) and a consultation with an outside physician. (Doc. 37,EDF 150).

[3] Plaintiff is advised, in any amended complaint, that it is not necessary that he describe his steps to exhaust his administrative remedies, as long as he did so exhaust or attempt to exhaust. Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

**III. Deficiencies of Complaint**

    **A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

As Plaintiff has been previously informed, Plaintiff's complaint is sparse and relies primarily on attached exhibits, with minimal factual allegations underlying his claims. Plaintiff's allegations mostly focus on summarizing the administrative appeals. Although he claims several different violations of his rights, his allegations are conclusory and fail to describe any specific actions or inactions by the defendants.

If Plaintiff elects to amend his complaint, he must set forth factual allegations against each named defendant sufficient to state a claim, including what each person did or did not do that resulted in a violation of his rights. Plaintiff will be granted leave to amend his complaint. If Plaintiff elects to amend, he must state in clear and plain language the basis of his claim, including the facts (such as names, dates, and events) concerning what a defendant or defendants did or did not do that violated his constitutional rights. Further, the court is not required to sift through Plaintiff's exhibits and attachments in an effort to determine what plaintiff's claim(s) are. If he chooses to add attachments or exhibits to any amended complaint (which he is not required to do), Plaintiff must identify them for the Court and explain their significance.

    **B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to link Defendant Davey, Enenmoh or Lewis to any constitutional violation. Plaintiff must link each defendant to conduct, as §1983 liability is premised upon individual conduct. Plaintiff also fails to link any defendant to specific conduct. For instance, he does not link any defendant to specific conduct such as his morphine was stopped, he was denied a CT scan of his lungs. Plaintiff must state, by name, what each person did or did not do which caused the alleged violation. If Plaintiff elects to amend his complaint, Plaintiff must link the actions of the defendants to an alleged deprivation.

**C. Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Although not entirely clear, it appears Plaintiff is raising different claims against different defendants which are unrelated. He may not do so in this action. For example, Plaintiff may not pursue a claim against Defendant Furtune for denial of chest pain medication, while simultaneously

5

pursuing a claim against Defendant Kim for denial of epididymis and excision tumor. Different failures to provide adequate care are not related merely because they are health related issues. It also appears Plaintiff is complaining about cataracts, denial of CT scans, lung issues, and cervical spines problems. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. deliberate indifference by different actors on different dates, under different factual events, or medical claims against different actors on different dates) does not necessarily make claims related for purposes of Rule 18(a). Plaintiff cannot complain about all of his medical conditions in one complaint.

If Plaintiff elects to amend his complaint, Plaintiff must choose which claims he wishes to pursue in this action. If Plaintiff's amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

**D. Supervisory Liability**

To the extent Plaintiff seeks to hold Defendant D. Davey, Defendant A. Enenmoh, the Chief Medical Officer, or Defendant J. Lewis, the Deputy Director (or any other defendant) liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has not alleged that Defendant D. Davey, Defendant A. Enenmoh, the Chief Medical Officer, or Defendant J. Lewis, the Deputy Director were personally involved in an alleged

Constitutional deprivation, or that any of them instituted a deficient policy. Plaintiff will be granted leave to amend, to the extent he can do so in good faith.

### E. Eleventh Amendment – Official Capacity

As Plaintiff has previously been informed, to the extend Plaintiff seeks to bring claims for damages against defendants in their official capacities, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). As such, the Eleventh Amendment bars any claim for monetary damages against defendants acting in their official capacities.

### F. Deliberate Indifference to Serious Medical Needs

Plaintiff alleges being denied adequate medical care.

Prison officials must provide prisoners with medical care and personal safety and must take reasonable measures to guarantee the safety of the inmates. Farmer, 511 U.S. at 832-33, 114 S. Ct. at 1976 (internal citations and quotations omitted). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle, 429 U.S. at 104, 97 S. Ct. at 291). Plaintiff must show (1) a serious medical need and (2) defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th. Cir 1992).

"Deliberate indifference is a high legal standard. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). In the context of claims against medical providers, a prisoner's claim of inadequate medical attention must rise beyond negligence or misdiagnosis, to a level of "deliberate indifference to serious medical needs." Id. (quoting Estelle, 429 U.S. at 104, 97 S. Ct. at 291). A complaint of medical malpractice or that a physician has negligently diagnosed or treated a medical condition does not state a valid claim under the Eighth Amendment. Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012.)

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi, 391

7

F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm, 680 F.3d at 1123 (awareness of need for treatment followed by unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances.)

Finally, delays in providing medical care may manifest deliberate indifference. See Estelle, 429 U.S. at 104-05. However, to establish a deliberate indifference claim arising from a delay in providing medical care, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096.

Here, Plaintiff fails to state a cognizable claim. Plaintiff has failed to allege that he suffered from a serious medical condition. While Plaintiff alleges defendant Furtune and Clark denied Plaintiff severe chest pain medication, he does not allege that he suffered from a condition which resulted in the need for such severe chest medication. Plaintiff also does not allege what treatment, if any, was provided by defendants. The court cannot determine from Plaintiff's conclusory allegations whether Plaintiff is complaining of a difference of medical opinion. A medical difference of opinion does not state a cognizable deliberate indifference claim. Plaintiff has not alleged plausive facts that treatment the doctors chose was medically unacceptable under the circumstances.

Plaintiff also alleges that Defendant Kim denied health care services of an operation for an epididymis and excision of tumor. Plaintiff does not allege that he suffered from a condition which

resulted in the need for such treatment. Plaintiff also does not allege what treatment, if any, was provided by defendant Kim. The court cannot determine from Plaintiff's conclusory allegations whether Plaintiff is merely complaining of a difference of medical opinion. Plaintiff has not alleged plausive facts that treatment the doctors chose was medically unacceptable under the circumstances.

Plaintiff has failed to link any other medical condition to a defendant's treatment. Plaintiff's conclusory allegations that he was denied treatment are insufficient to link any defendant. Further, Plaintiff is a cautioned and any claims must comply with Rules 18 and 20.

### IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted a **final opportunity** for leave to file an amended complaint within **thirty (30) days**. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

9

2. Plaintiff's first complaint, filed December 1, 2016, is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: __**July 11, 2017**__   /s/ *Barbara A. McAuliffe*_
UNITED STATES MAGISTRATE JUDGE