# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00084-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 50) |

**I.    Background**

Plaintiff Ricardo Martinez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 11, 2017, the Court dismissed the first amended complaint with leave to amend within thirty days after service. (ECF No. 42). Plaintiff was expressly warned that if he failed to file a second amended complaint in compliance with the Court's order, this action would be dismissed for failure to state a claim and failure to obey a court order. (Id. at 10.) On August 25, 2017, Plaintiff was granted a thirty-day extension of time to amend his complaint. (ECF No. 46.) Plaintiff did not file a second amended complaint.

Accordingly, on October 4, 2017, the Magistrate Judge issued Findings and Recommendations that this action be dismissed, with prejudice, based on Plaintiff's failure to state a claim, failure to obey a court order, and failure to prosecute. The Findings and

1

Recommendations were served on Plaintiff and contained notice that any objections were to be filed within fourteen (14) days after service. (ECF No. 47.) No objections were filed. Thereafter, on October 30, 2017, the undersigned adopted the Findings and Recommendations in full and dismissed this action, with prejudice, based on Plaintiff's failure to state a claim, failure to obey a court order, and failure to prosecute. (ECF No. 48.) Judgment was entered the same date. (ECF No. 49.)

On November 13, 2017, Plaintiff filed the instant motion for reconsideration, which the Court construes as a motion for reconsideration of the order dismissing this action and entry of judgment. (ECF No. 50.)

## II. Motion for Reconsideration

A motion for reconsideration, such as that filed by Plaintiff, is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within 28 days after the entry of judgment. United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir.1992); Fed. R. Civ. P. 59(e). Plaintiff filed his motion 14 days after entry of judgment.

Relief pursuant to Rule 59(e) is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. Sch. Dist. No. 1J, Multnomah Cty., Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir.1986).

Plaintiff states that he originally mailed his objections to the Magistrate Judge's Findings and Recommendations on October 11, 2017, but they were returned to him on November 6, 2017. Plaintiff mailed the documents again on November 7, 2017. Plaintiff's filing includes a motion for appointment of counsel and a proposed second amended complaint. Plaintiff's October 11, 2017 objections states that it includes a motion letter requesting an additional thirty day extension of time, but no such motion is included.

Here, Plaintiff appears to claim that reconsideration is warranted because he originally mailed his objections, second amended complaint, and motion for appointment of counsel on

October 11, before the October 23, 2017 deadline for filing objections to the Findings and Recommendations. Plaintiff does not otherwise state why reconsideration is warranted, but requests that the Court accept his second amended complaint. (ECF No. 50.)

The Court has considered Plaintiff's moving papers, but does not find that they support relief under Rule 59(e) due to highly unusual circumstances. Although Plaintiff asserts that he timely mailed his objections to the Findings and Recommendations, this assertion does not explain Plaintiff's failure to file a second amended complaint, which was due on or before September 27, 2017. Plaintiff sought and was granted a thirty-day extension of time to file his second amended complaint, but Plaintiff did not otherwise attempt to communicate with the Court regarding his complaint until he received the Findings and Recommendations recommending dismissal of this action. Plaintiff provides no explanation for his failure to do so. Although Plaintiff states that he mailed a motion letter requesting an additional 30 days to address court deadlines, no motion was ever received by the Court, and Plaintiff fails to provide good cause for such an extension of time.

Furthermore, it is clear from Plaintiff's motion that he is seeking an opportunity to file his untimely second amended complaint. Upon review of the proposed second amended complaint, the Court finds no grounds to reconsider its final order and judgment dismissing this action for failure to state a claim, failure to obey a court order, and failure to prosecute. Plaintiff's second amended complaint fails to cure the deficiencies identified by the Court's July 11, 2017 screening order. Plaintiff again provides conclusory allegations that fail to describe specific actions or inactions by the defendants, fails to link Defendants Davey, Lewis, or the Court-Appointed Receiver to any constitutional violation, and attempts to bring unrelated claims against unrelated defendants. In addition, Plaintiff again seeks to hold Defendants Davey and Lewis liable for the actions or omissions of their subordinates, based only upon their supervisory positions.

The allegations in Plaintiff's motion for reconsideration, even if considered and construed in the light most favorable to Plaintiff, do not support reconsideration of the Court's dismissal of this action.

///

3

**III.    Motion for Appointment of Counsel**

Plaintiff includes a motion for appointment of counsel with his motion for reconsideration. Plaintiff states that he is unable to afford counsel, he cannot read or write English very well, and the issues in this case are particularly complex. Plaintiff attaches a copy of his accommodation history.

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion, but again does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding pro se and in forma pauperis almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Plaintiff's assertions regarding his need for language accommodations have been taken into consideration. Although Plaintiff believes that he has been unable to articulate the merits of his case, a review of the record indicates that Plaintiff has submitted documents to the Court for consideration without the assistance of counsel. (See, e.g., ECF Nos. 19, 22, 45.) These submissions demonstrate that Plaintiff is able to prepare and file documents that clearly set forth

4

his contentions without any assistance.

Furthermore, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. This action was closed for Plaintiff's failure to state a claim, failure to obey a court order, and failure to prosecute. As discussed, the Court has reviewed the proposed second amended complaint, and finds that Plaintiff has failed to cure the deficiencies identified in the first amended complaint.

**IV.     Conclusion and Order**

For the reasons stated, Plaintiff's motion for reconsideration, filed on November 13, 2017, (ECF No. 50), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **November 20, 2017**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE